DICKER v. COHEN et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. ATTORNEY AND CLIENT—FRAUD—EVIDENCE—SUFFICIENCY.

In an action against attorneys for fraudulently representing to plaintiff that they had collected $200, instead of $300, on a claim placed in their hands, the defendants introduced in evidence the contract, by which plaintiff agreed to pay defendants 50 per cent. of any amount received by them on the claim, and also a receipt, signed by plaintiff, acknowledging payment by the debtor of $300 in full for his claim, and proved a payment of one-half thereof to plaintiff. Plaintiff testified that he could not read English, and that the contract was not read to him, and that he did not know its contents when he signed it. Defendants testified that the plaintiff was informed of its contents and of the payment to them of $300, and this latter testimony was not denied by plaintiff. It appeared that plaintiff could write many English words and understood figures in English, and the receipt contained the words "three hundred," both in writing and figures. *Held*, that a judgment for plaintiff, inasmuch as it involved moral turpitude and criminal responsibility, should be reversed

MacLEAN, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan.

Action by Harris Dicker against Moss Cohen and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

James H. Egins, for appellants.

Samuel Silinsky, for respondent.

FREEDMAN, P. J. This action was brought by the plaintiff to recover for the alleged false and fraudulent statements made by defendants, consisting in stating that his claim against a fire insurance company, which had been placed in the hands of defendants for adjustment and settlement, had been settled for $200, when in fact the defendants had received the sum of $300 in settlement of such claim. The defense was substantially an affirmative one, the defendants averring that the sum of $300 was received by them in settlement of plaintiff's claim; that the same was so received with the full knowledge and consent of the plaintiff, and that, of such sum, plaintiff agreed to pay defendants 50 per cent. for their services, which he did; and that he gave a receipt for said sum to defendants. Upon the trial the defendants introduced in evidence a written contract, marked as "Exhibit A" on the trial, signed by the plaintiff, agreeing to give defendants 50 per cent. of any amount received from the insurance company by them for the plaintiff's claim against the company, and also a receipt, signed by plaintiff, acknowledging payment of $300 in full for his claim against such company. The effect of these instruments was sought to be evaded by the plaintiff, who testified that he was unable to read or write, except to write his own name; that he could not read English, and that Exhibit A was not read to him; and that he was not aware of its contents when he signed it. This was denied by defendants. As to the receipt given by him, the defendants both testified that the plaintiff was fully informed of its contents and of the payment to them of $300, and this testimony was not disputed by the plaintiff. It was also shown that the plaintiff could write many English words, and understood figures in English. The receipt contained the words "three hundred," both in writing and in figures. The charge against the defendants is a serious one, involving not only moral turpitude, but the liability of imprisonment, and a judgment founded upon uncertainty and doubt should not be permitted to stand. The circumstances under which plaintiff obtained the claim against the insurance company do not indicate that he would be unwilling to agree to pay a considerable portion of whatever he might realize therefrom for the services of defendants, and, if the plaintiff is right in his contention, a new trial will only cause a short delay. The interests of justice require that one should be had.

Judgment reversed. New trial ordered, with costs to the appellants to abide the event. All concur, except MacLEAN, J., who dissents.